UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| CALVIN WILLIAM, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 15-98-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| JODIE SNYDER-NORRIS, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Calvin William is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, William has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). [D. E. No. 1]

# I

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates William's petition under a

1

more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On May 13, 2003, William was indicted by a federal grand jury sitting in Philadelphia, Pennsylvania of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On December 11, 2003, the government filed a notice under 21 U.S.C. § 851 that William was subject to enhanced penalties in light of three prior felony convictions in Philadelphia: two for possession with intent to deliver crack cocaine and one for robbery. See *William v. Sepanek*, No. 0: 13-CV-180-HRW (E.D. Ky. 2013) [D. E. No. 1 therein at p. 2] Following a two-day trial, a jury found William guilty of the federal offense. During sentencing, the trial court concluded that he was an armed career criminal pursuant to 18 U.S.C. § 924(e)(1). Accordingly, on January 24, 2005, the trial court imposed the mandatory minimum sentence of 180 months in prison. The Third Circuit Court of Appeals affirmed his conviction and sentence on November 16, 2006. *United States v. William*, No. 03-CR-315 (E.D. Pa. 2003); *United States v. William*, 203 F. App'x 410 (3d Cir. 2006).

William has twice before challenged the enhancement of his sentence in a § 2241 petition, both times without success. *William v. Hufford*, No. 1:12-CV-2139-WWC-PT (M.D. Pa. 2012); *William v. Sepanek*, No. 0: 13-CV-180-HRW

2

(E.D. Ky. 2013). In the petition William filed in this Court, he stated that one of the predicate convictions used to enhance his sentence "was in fact for <u>conspiracy</u> to commit robbery, not the substantive crime of robbery itself." (emphasis in original). Starting from that premise, he contended that his conviction for conspiracy to commit robbery is not a valid predicate offense under the "use of force" clause found in § 924(e)(2)(B)(i) because the "[u]se or threat of the use of force against a person is not an element of the offense ..." [D. E. No. 1 at 3 therein] The Court did not reach the merits of that argument because it concluded that William's challenge to his sentence, rather than his conviction, could not be pursued in a § 2241 petition. [D. E. No. 3 therein] On appeal, the Sixth Circuit affirmed:

> William does not assert that he is actually innocent of his federal convictions; he claims that he is innocent of the armed career criminal enhancement. But the savings clause of § 2255 does not apply to challenges to a sentencing enhancement. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) (per curiam), *cert. denied*, 133 S. Ct. 1632 (2013).

[D. E. No. 7 therein at 3]

In June 2015, the Supreme Court issued its decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), holding that the "residual clause" in § 924(e)(2)(B)(ii) was void for vagueness. Relying upon that decision, in August 2015 William sought permission pursuant to 28 U.S.C. § 2244 to file a second or successive motion to vacate his conviction pursuant to § 2255. On September 3, 2015, the Third Circuit denied the request because "[w]hether or

3

not [*Johnson*] is retroactive to cases on collateral review ... petitioner does not assert that his conviction for conspiracy to commit robbery was deemed a violent felony under the residual clause, 18 U.S.C. § 924(e)(2)(B)(ii)." The Court further noted that "[t]o the extent that petitioner is arguing that *Johnson* has undermined *United States v. Preston*, 910 F.2d 81 (3d Cir. 1990) (Pennsylvania conviction for conspiracy to commit robbery may be used to enhance sentence under 18 U.S.C. § 924(e)(2)(B)(i) [the "use of force" clause], the Court is not persuaded." *In re Calvin William*, No. 15-3081 (3d Cir. 2015). Notwithstanding the Third Circuit's refusal to permit William to pursue his *Johnson* claim under § 2255, in December 2015 William sought the same relief on the same grounds from the trial court, which was denied for the same reasons on December 8, 2015.

In his present § 2241 petition, William seeks relief under *Johnson* for the third time, again claiming that "William was determined to be an armed career criminal based in part on a previous conviction for *conspiracy* to commit robbery," [D. E. No. 1 at 2 (emphasis added)] and arguing that because the residual clause is now invalid, and his conspiracy conviction is neither one of the offenses enumerated in § 924(e)(2)(B)(ii) nor does it satisfy the "use of force" clause under § 924(e)(2)(B)(i), the enhancement of his sentence was improper and must be vacated. [D. E. No. 1 at 3]

## II

The Court must deny William's petition as both procedurally improper and substantively meritless.

4

First, William's claim under *Johnson* may not be pursued in a § 2241 petition.  A federal prisoner must present a challenge to the legality of his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him.  *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).  A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not generally be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255.  *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention.  *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).  Under this exception, a prisoner may use a habeas corpus proceeding under § 2241 to challenge the validity of his conviction where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for

attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).

These principles establish that William may not assert a *Johnson* challenge to his sentence in this § 2241 proceeding.   William does not contend that his conviction under § 922(g) for being a felon in possession of a firearm is invalid, but only that the enhancement of his sentence under § 924(e)(1) was improper. The Sixth Circuit has repeatedly held - as it did in William's appeal from the denial of relief in the first § 2241 petition he filed in this Court - that "claims of sentencing error may not serve as the basis for an actual innocence claim." *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (affirming denial of § 2241 petition challenging ACCA enhancement on ground that  prior conviction for burglary did not constitute a "violent felony"); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes*, 473 F. App'x at 502 (same).

Second, *Johnson* is not a case of statutory interpretation which narrowed the scope of conduct proscribed by the statute of conviction; instead, it found unconstitutional a portion of the ACCA.  Because *Johnson* was not a "Supreme Court decision[] announcing new rules of statutory construction unavailable for attack under section 2255," *Hayes*, 473 F. App'x at 501-02, a habeas corpus petition under § 2241 is not an appropriate or available mechanism to pursue a

6

claim under that decision.  Cf. *Bishop v. Cross*, No. 15-CV-854-DRH, 2015 WL 5121438, at *2-3 (S.D. Ill. Aug. 31, 2015) (holding that habeas petition seeking relief from § 4B1.1 enhancement in light of *Johnson* was not cognizable under § 2241, but must instead be brought by motion under § 2255); *Hollywood v. Rivera*, No. 2:15CV113 JM/BD, 2015 WL 5050253, at *2 (E.D. Ark. Aug. 4, 2015) (same); *Lane v. Butler*, No. 6: 15-101-DCR, 2015 WL 5612246, at *3 (E.D. Ky. Sept. 21, 2015).

Third, even if William could assert a *Johnson* claim in this (or any other) proceeding, it is substantively meritless because William's arguments are based upon two factual premises, both of which are false.  In his first habeas petition filed in this Court, William stated:

> The indictment presented by the grand jury in Case No. 03-cr-315 gave notice of three prior convictions as the basis for sentencing William under the provisions of § 924(e).  Those convictions are:
>
> a.     Possession with Intent to Deliver a Controlled Substance (C.P. Phila. Cty. 8705-2164;
>
> b.     Robbery (C.P. Phila. Cty. 8703-1135;
>
> c.     Possession with Intent to Deliver a Controlled Substance (C.P. Phila. Cty. 8703-4420.

[D. E. No. 1 therein at p. 2]  William's first petition thus established that the trial court used a prior conviction for robbery - not *conspiracy* to commit robbery - as the basis to enhance his sentence.  Later in that petition, William contended that

this was error because "[t]he conviction was in fact for <u>conspiracy</u> to commit robbery, not the substantive crime of robbery itself." [D. E. No. 1 therein at p. 3 (emphasis in original)]  In other words, in his first petition William contended that the trial court committed a *factual* error by mistakenly concluding that he had been convicted of robbery, when instead he had actually been convicted of conspiracy to commit that robbery.  He then argued that, had the trial court correctly determined that his actual conviction was for conspiracy to commit robbery, it could not have properly concluded that the conspiracy conviction constituted a valid predicate offense to enhance his sentence. For present purposes, William's first petition is important because it establishes that his first premise in this petition - that he was "determined to be an armed career criminal based in part on a previous conviction for conspiracy to commit robbery" [D. E. No. 1 at 2] - is incorrect.

In addition, William's claim in the first petition that the underlying Philadelphia conviction was only "for conspiracy to commit robbery, not the substantive crime of robbery itself" [D. E. No. 1 therein at p. 3], a premise he reiterates here [D. E. No. 1 at 2], is also incorrect.  In support of his first petition, William submitted a portion of the transcript of the sentencing proceedings before the Court of Common Pleas in Philadelphia on August 21, 1987.  William stood charged with Recklessly Endangering a Person in Bill 1135, Robbery in Bill 1136, Simple Assault in Bill 1137, Theft by Unlawful Taking/Disposition Theft/Receiving Stolen Property in Bill 1138, and Criminal Conspiracy in Bill

8

1139. [D. E. No. 1-2 therein at 1] William was therefore charged with both robbery in Bill 1136 and criminal conspiracy in Bill 1139.

William separately declared that following a bench trial, "although I was convicted on Bill 1136 [for robbery], the conviction was on the lesser charge of conspiring to commit robbery rather than robbery as had been charged. The Court's finding is reflected on page 40 of the transcript, ..." [D. E. No. 1-1 at 1, ¶¶2-3] The transcript, however, clearly establishes that William is incorrect:

> THE COURT: Have the defendants stand.
>
> On Bill 1135 and 1140 -- 1141, the verdict was sustained.
>
> On Bill *1136*, 37, 38 *and 39* and 1143 and 44, I find the defendants guilty as charged. The robbery is an F3, not an F2.
>
> Conspiracy is an F3. Theft is M1. Assault M2.
>
> MR. FLOYD: That was conspiracy as F3?
>
> THE COURT: Right.
>
> MR. FLOYD: Mr. Williams and Mr. Patterson, *the Judge found you guilty of robbery a felony of the 3rd degree.* Simple assault a misdemeanor of 2nd degree *and conspiracy a felony of the 3rd degree.*
>
> Your Honor, did you find them guilty of the theft also?
>
> THE COURT: The theft is M1.
>
> MR. FLOYD: You have been found guilty of theft as a misdemeanor of the 1st degree.

[D. E. No. 1-2 therein at p. 3 (emphasis added)]  The statements of both the trial judge and defense counsel confirm that William was found separately guilty of both robbery and criminal conspiracy.   If the materials provided by William himself left any doubt on the matter, it would be dispelled by the docket of the Court of Common Pleas of Philadelphia County, which confirms that William was found guilty of both Robbery and Criminal Conspiracy, the former carrying a sentence of one year and six months to three years confinement, and the latter carrying a sentence of five years probation.   See https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docket_Number=CP-51-CR-0311351-1987 (last visited on April 12, 2016).

Because William was convicted in 1987 of third degree felony robbery, the trial court did not commit a factual error in so concluding.   Nor did it commit legal error in concluding that this conviction qualified as a valid predicate "violent felony" under the "use of force" clause contained in § 924(e)(2)(B)(i).   The Third Circuit long ago established that both robbery and criminal conspiracy to commit robbery under Pennsylvania law necessarily involve "the use, attempted use, or threatened use of physical force against the person of another" and thus constitute violent felonies within the meaning of 18 U.S.C. § 924(e)(2)(B)(1).   *United States v. Preston*, 910 F.2d 81, 85-88 (3rd Cir. 1990).   The Third Circuit continues to adhere to this conclusion, *United States v. Tucker*, 703 F. 3d 205 (3d Cir. 2012), and both the Third Circuit and the trial court found it directly applicable to reject William's claim.   *In re Calvin William*, No. 15-3081 (3d Cir. 2015); *United States*

10

*v. William*, No. 03-CR-315 (E.D. Pa. 2003) [D. E. No. 126 therein]   The Sixth Circuit has also expressly adopted the Third Circuit's reasoning in *Preston. United States v. Gloss*, 661 F. 3d 317, 319 (6th Cir. 2011) ("If a conviction for facilitation or conspiracy requires the government to prove the elements of the underlying violent felony, such a conviction will itself qualify as a violent felony under the first clause of § 924(e)(2)(B).") (citing *Preston*).

Accordingly, **IT IS ORDERED** that:

1.     Petitioner Williams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 27th day of April, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge